1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**\*\*\***

Kevin Phillip Raspperry,

      Petitioner,

    v.

Jeremy Bean, *et al.*,

      Respondents.

Case No. 2:25-cv-00110-RFB-BNW

**ORDER GRANTING MOTIONS FOR EXTENSIONS OF TIME**

In this habeas corpus action, there are two motions for extensions of time; the Court will grant them both, *nunc pro tunc*.

On August 13, 2025, Petitioner Kevin Phillip Raspperry, represented by appointed counsel, filed a motion for leave to conduct discovery. ECF No. 18. The respondents filed an opposition to that motion on August 27. ECF No. 20. Raspperry was due to file a reply in support of the motion on September 3, but instead filed a motion for extension of time, requesting a 10-day extension, to September 10. ECF No. 21. Raspperry then filed the reply on September 10, as contemplated in the motion for extension of time. ECF No. 23. Raspperry's counsel states that the extension of time was necessary because of other obligations, and that the respondents did not oppose the motion for extension of time. ECF No. 21. The Court finds that this motion for extension of time was made in good faith and not solely for the purpose of delay, and that there was good cause for the requested extension. The Court will grant the motion for extension of time.

In the meantime, Raspperry was due on September 8 to file an amended petition for writ of habeas corpus. ECF No. 15. On September 8, he filed a motion for extension of time, requesting a 91-day extension of that deadline, to December 8. ECF No. 22. Raspperry's counsel states that the extension is necessary because of obligations in other cases, and that the respondents did not oppose the motion for extension of time. Id. The Court finds that this motion for extension of time, as well, was made in good faith and not solely for the purpose of delay, and that there is good

cause for the requested extension. The Court will grant this motion for extension of time. In granting this—or any—motion for extension of time, the Court does not mean to comment upon, or affect in any way, the operation of any statute of limitations applicable to this case.

Therefore, **IT IS HEREBY ORDERED** that Petitioner's Motion for Extension of Time (ECF No. 21) is **GRANTED** *nunc pro tunc*. Petitioner's reply in support of his motion for leave to conduct discovery (ECF No. 23) will be treated as timely filed.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Extension of Time (ECF No. 22) is **GRANTED** *nunc pro tunc*. Petitioner will have until and including **December 8, 2025**, to file an amended petition for writ of habeas corpus. In all other respects, the schedule for further proceedings set forth in the scheduling order entered April 9, 2025 (ECF No. 11) will remain in effect.

**DATED**: October 9, 2025.

_____
RICHARD F. BOULWARE, II,
UNITED STATES DISTRICT JUDGE