**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*   \*   \***

KEVIN PHILLIP RASPPERY,

    Petitioner,

    v.

JEREMY BEAN, *et al.*,

    Respondents.

Case No. 2:25-cv-00110-RFB-BNW

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO CONDUCT DISCOVERY**

In this habeas corpus action, the petitioner, Kevin Phillip Raspperry, who is represented by appointed counsel, filed an amended petition for writ of habeas corpus on December 5, 2025. ECF No. 26. Respondents have until April 6, 2026, to file an answer or other response to the first amended petition. See ECF No. 29. Meanwhile, on August 13, 2025, Raspperry filed a motion for leave to conduct discovery. ECF No. 18. The respondents filed an opposition to that motion (ECF No. 20), and Raspperry filed a reply (ECF No. 23).

Raspperry "seeks leave to conduct discovery in this federal habeas matter in order to access the discovery that the prosecution previously produced—or should have produced—during his state trial court proceedings." ECF No. 18 at 2; see also id. at 5 ("Raspperry has good cause for his request for leave to conduct discovery to obtain the records and/or evidence that the prosecution turned over to the defense, or should have turned over to the defense, during his state trial court proceedings."). Raspperry's counsel states:

> Although undersigned counsel requested and received trial counsel's file, notices of discovery filed by the prosecution demonstrate that the file provided to undersigned counsel is incomplete: it contains only a fraction of the discovery that was produced by the State and is missing numerous important pieces of police-generated evidence.

Id. In a footnote, Raspperry adds:

> Pursuant to this Court's April 9, 2025 Scheduling Order [ECF No. 11], any motion for leave to conduct discovery brought prior to the filing of Raspperry's response to Respondents' motion to dismiss or reply to Respondents' answer "may be

1

considered premature, and may be denied, without prejudice, on that basis." ECF No. 11 at 2. However, the instant request is not premature; Raspperry seeks narrowly tailored discovery in order to reconstitute trial counsel's file so that he may reasonably investigate his case before filing an amended petition.

Id. at 2 n.1.

Rule 6(a) of the Rules Governing § 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure ...." In Bracy v. Gramley, 520 U.S. 899 (1997), the Supreme Court held that Rule 6 is to be applied consistently with its prior opinion in Harris v. Nelson, 394 U.S. 286 (1969), which called for adoption of the rule. Bracy, 520 U.S. at 904, 909. In Harris, the Supreme Court held that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Harris, 394 U.S. at 300. In Bracy, a unanimous Supreme Court overturned a decision denying discovery where the petitioner's claim of judicial bias was based on "only a theory," where the claim was "not supported by any solid evidence" with regard to the theory, and where the Supreme Court expressly noted that "[i]t may well be, as the Court of Appeals predicted, that petitioner will be unable to obtain evidence sufficient to support" the theory. Bracy, 520 U.S. at 908–09. The Ninth Circuit Court of Appeals has held, consistent with Bracy and Harris, that discovery is available to habeas petitioners, at the discretion of the district court, in cases where the discovery sought might provide support for a claim. See, e.g., Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997).

In his motion, Raspperry states:

Upon appointment of the Federal Public Defender's Office in this matter, counsel's team requested the records of Raspperry's prior counsel. Trial counsel Craig Mueller indicated that he transferred his file to direct appeal counsel, Steven Owens. Although Steven Owens produced his file, which included trial counsel's records, a comparison of the documents contained therein and the notices of discovery filed by the prosecution demonstrates that the file provided to undersigned counsel is incomplete and includes only a portion of the discovery produced during the state trial court proceedings. See Declaration of Adam Dunn, ¶¶ 3-6 [ECF No. 19-1 at 2]. Furthermore, while counsel has requested and received some records from LVMPD, that agency will only produce a fraction of its investigative file without a subpoena, some of the records produced were redacted, and the records produced did not include any chain of custody documentation

2

regarding the blood sample evidence. <u>See</u> <u>id.</u>, ¶¶ 7-10. Raspperry therefore also seeks records from LVMPD that it will not produce absent a subpoena.

ECF No. 18 at 6. Raspperry then specifically describes the discovery he requests:

- Leave to subpoena the Las Vegas Metropolitan Police Department for any and all records and/or evidence related to this case (Event No. LLV191000126406).

- Leave to subpoena the Clark County District Attorney's Office for any and all records and/or evidence related to this case (Eighth Judicial District Court Case Nos. C-19-344728-1 and A-23-872756-W; Las Vegas Justice Court Case No. 19F22699X), including but not limited to any and all records and/or evidence that the CCDA turned over to the defense, or should have turned over to the defense, during state court proceedings.

<u>Id.</u>

Regarding material that was disclosed by the prosecution before trial, the Court determines that discovery is warranted. Similar to part of the discovery sought in <u>Jones</u>, Raspperry seeks this discovery in order to recreate his own files. <u>See</u> <u>Jones</u>, 114 F.3d at 1009. In <u>Jones</u>, the court held that the district court erred in denying the petitioner's request to obtain materials from his trial lawyer, his pretrial investigator, and the prosecutor in his case to reconstruct his files. <u>Id.</u>

Citing <u>Cullen v. Pinholster</u>, 563 U.S. 170 (2011), and <u>Shinn v. Ramirez</u>, 596 U.S. 366 (2022), Respondents argue that Raspperry's motion should be denied because he seeks discovery of material that is beyond the state court record and that would therefore be inadmissible in this case. ECF No. 20 at 5–6. However, those cases did not involve a petitioner attempting to reconstruct his own files. <u>Pinholster</u> and <u>Shinn</u> do not preclude such discovery. The Court exercises its discretion to grant Raspperry's motion, in the interests of justice, to the extent he seeks to recreate his files—which apparently were not preserved by his former counsel. The Court will grant Raspperry's motion in part and will grant him leave of court to serve upon the CCDA a subpoena to obtain a complete copy of the discovery that office disclosed to his trial counsel and/or made available to his trial counsel before trial.

The Court does not reach the question whether any material obtained by Raspperry in response to the subpoena directed to the CCDC will ultimately be admissible to support any of his claims. And the Court does not make any comment regarding the viability or merit of any of Raspperry's claims. Those issues will be addressed in due course.

3

To the extent that Raspperry requests discovery of material that he believes the prosecution "should have turned over to the defense," which is described as all documents in the possession of the LVMPD and CCDA "related to this case," his request will be denied without prejudice and with leave to refile. These requests are premature under the scheduling order (ECF No. 11), which is designed to time requests for discovery to coincide with the briefing of either a motion to dismiss or the merits of the case, such that the Court can determine the procedural viability or potential merits of any claim on which discovery is sought. So, to the extent that Raspperry seeks discovery of material beyond what was previously disclosed by the prosecution, Raspperry's motion will be denied. This is without prejudice to Raspperry requesting further discovery at an appropriate time, as described in the scheduling order in this case. See ECF No. 11.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Leave to Conduct Discovery (ECF No. 18) is **GRANTED IN PART AND DENIED IN PART**. Petitioner is granted leave of court to serve upon the Clark County District Attorney's Office a subpoena to obtain a complete copy of the discovery that office disclosed to his trial counsel and/or made available to his trial counsel before trial. In all other respects, Petitioner's motion is denied without prejudice and with leave to refile, as explained above.

**IT IS FURTHER ORDERED** that Petitioner must serve the subpoena upon the Clark County District Attorney's Office within 21 days from the date of entry of this order.

**IT IS FURTHER ORDERED** that Petitioner must file a notice informing the Court of the Clark County District Attorney's Office's response to the subpoena within 7 days after receiving such response.

**DATED**: March 2, 2026.

**RICHARD F. BOULWARE, II,**
**UNITED STATES DISTRICT JUDGE**

4