**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

KEVIN PHILLIP RASPPERRY,

Petitioner,

v.

JEREMY BEAN,

Respondent.

Case No. 2:25-cv-00110-RFB-BNW

**ORDER GRANTING RENEWED MOTION FOR LEAVE TO CONDUCT DISCOVERY**

Before the Court is counseled Petitioner Kevin Phillip Raspperry's renewed motion for leave to conduct discovery (ECF No. 36). Respondent opposed the motion, and Raspperry replied. See ECF Nos. 39, 40. For the reasons discussed below, the Court grants the motion.

## I. PROCEDURAL HISTORY

Raspperry commenced this federal habeas action on January 17, 2025. See ECF No. 1. This Court appointed counsel to represent Raspperry and set a briefing schedule. See ECF No. 11. Raspperry filed a motion for leave to conduct discovery and his first amended petition. See ECF Nos. 18, 26. In his motion for leave to conduct discovery, Raspperry sought "leave to conduct discovery . . . in order to access the discovery that the prosecution previously produced—or should have produced—during his state trial court proceedings." ECF No. 18 at 2. Specifically, Raspperry sought "[l]eave to subpoena the Las Vegas Metropolitan Police Department for any and all records and/or evidence related to this case (Event No. LLV191000126406)" and "[l]eave to subpoena the Clark County District Attorney's Office for any and all records and/or evidence related to this case (Eighth Judicial District Court Case Nos. C-19-344728-1 and A-23-872756-W; Las Vegas Justice Court Case No. 19F22699X), including but not limited to any and all records and/or evidence that

the CCDA turned over to the defense, or should have turned over to the defense, during state court proceedings." Id. at 6. This Court granted Raspperry's request, in part, so that he could recreate his files, allowing him to serve the Clark County District Attorney's Office with a subpoena to obtain a complete copy of the discovery that office disclosed to his trial counsel or made available to his trial counsel. See ECF No. 30 at 3. This Court denied, without prejudice, the remainder of Raspperry's request as premature. See id. at 4. In his renewed motion for leave to conduct discovery, Raspperry explains that the Clark County District Attorney's Office could not locate his physical file or any scanned copies thereof, so a subpoena to the Las Vegas Metropolitan Police Department is no longer premature. See ECF No. 36 at 2.

## II. LEGAL STANDARD

Rule 6(a) of the Rules Governing § 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure(.)" In Bracy v. Gramley, 520 U.S. 899 (1997), the Supreme Court held that Rule 6 is to be applied consistently with its prior opinion in Harris v. Nelson, 394 U.S. 286 (1969), which called for adoption of the rule. Bracy, 520 U.S. at 904, 909. In Harris, the Supreme Court held that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Harris, 394 U.S. at 300. In Bracy, a unanimous Supreme Court overturned a decision denying discovery where the petitioner's claim of judicial bias was based on "only a theory," where the claim was "not supported by any solid evidence" with regard to the theory, and where the Supreme Court expressly noted that "[i]t may well be, as the Court of Appeals predicted, that petitioner will be unable to obtain evidence sufficient to support" the theory. Bracy, 520 U.S. at 908–09. The Ninth Circuit Court of Appeals has held, consistent with Bracy and Harris, that discovery is available to habeas petitioners, at the discretion of the district court, in cases where the discovery sought might provide support for a claim. See, e.g., Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997).

## III. DISCUSSION

Because (1) Raspperry is still seeking to recreate his own file, which was the basis for good cause to grant Raspperry's original motion to conduct discovery, and (2) the Clark County District Attorney's Office was unable to assist Raspperry in completing this task, the Court finds that good cause exists to grant Raspperry's renewed discovery request. Indeed, because the Clark County District Attorney's Office failed to preserve its file in this matter, Raspperry cannot recreate his file without subpoenaing the Las Vegas Metropolitan Police Department directly.

Respondent opposes Raspperry's request, arguing that it is overbroad and lacks good cause because he "fails to demonstrate which documents or materials in the possession of the LVMPD also encompass[ ] what was previously disclosed to the prosecution." ECF No. 39 at 5. However, this is nonsensical because Raspperry cannot be tasked with identifying the documents that were previously disclosed to his trial counsel given that the basis for his motion is his lack of access to the complete discovery in this case.

## IV. CONCLUSION

Therefore, **IT IS HEREBY ORDERED** the renewed motion for leave to conduct discovery (ECF No. 36) is **GRANTED**. Raspperry may subpoena the Las Vegas Metropolitan Police Department for any and all records and/or evidence related to this case, Event No. LLV191000126406.

**IT IS FURTHER ORDERED** Raspperry serve the subpoena upon the Las Vegas Metropolitan Police Department within 14 days from the date of this order.

**IT IS FURTHER ORDERED** Raspperry file a status report on either the completion of discovery or 45 days from the date of this order, whichever comes sooner.

**DATED:** August 19, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**